JOHN M. CAMPBELL, ET AL, EXECUTOR OF THE ESTATE OF BRENT GOOD, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed January 30, 1919.*

INHERITANCE TAX—*Lora J. Moore, et al* v. *State, Supra, followed.* This case is controlled by the decision of the Court in the case of *Lora J. Moore, et al* v. *State, Supra.*

Edward J. Brundage, Attorney General, for State.

The facts in this case as disclosed by the evidence and amitted to be true, are as follows: Brent Good died testate, on the tenth day of September, A. D. 1915, a resident of Long Branch, New Jersey, and letters testamentary were issued in that State to John M. Campbell on said estate. No administration was had in Illinois. On the twentieth day of November, A. D. 1916, the County Judge of Cook County entered an order purporting to assess an inheritance tax in said estate of seven hundred ten and 73/100 dollars ($710.73), which amount plus the interest, was paid to County Treasurer of Cook County, November 28, 1916, in the sum of seven hundred fifty-five and 61/100 dollars ($755.61).

Thereafter, on the fifth day of September, A. D. 1918, the acting County Judge, on petition duly presented, entered an order vacating and setting aside for want of jurisdiction, so much of said prior orders attempted to assess a tax on the transfer by said decedent of shares of stock in foreign corporations to non-resident beneficiaries. The Court found that a valid tax of two hundred fifty-one and 58/100 dollars ($251.58) was assessed, which the State admits to be correct. That five hundred four and 23/100 dollars ($504.23) was illegally assessed and should be refunded to the petitioners.

The Attorney General admits in this case that if a refund is granted in the case of *Lora J. Moore, Executrix,* v. *The State,* number 33 (and decided at present term of this Court) then claimant herein is entitled to a refund of five hundred four and 23/100 dollars ($504.23).

Said case above mentioned was decided on, an opinion filed at present term of this Court awarding a refund to the claimant. In said case, it was stipulated by counsel for the respective parties that finding of the Court in that case should govern the finding in the case at bar, and many other cases where the facts were substantially the same as in the Moore case.

Taking the evidence herein, and the stipulation into consideration, the Court awards a refund for claimant in the sum of five hundred four and 23/100 dollars ($504.23).